UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA ST. JOHN, | No 1:14-cv-00733 |
| Plaintiff, | The Honorable Amy J. St. Eve |
| v. | |
| CACH, LLC, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES the Plaintiff, PAULA ST. JOHN, ("Paula"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., responding to Defendant, CACH, LLC's (CACH) motion for judgment on the pleadings, as follows:

### INTRODUCTION

Defendant's motion mischaracterizes the nature of this lawsuit in an attempt to secure an early dismissal of the case. Defendant's furtive mischaracterizations aside, Plaintiff adequately pleads a cause of action under both the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Defendant argues that Plaintiff's case is based solely on pleading defects in a state court action—nothing can be further from the truth. Plaintiff's case is based on the overall unfairness of Defendant's conduct throughout the underlying state court action, and the fact that Defendant did not own the underlying debt even though it alleged, on several occasions, that it did. Plaintiff's claim does not seek to use the FDCPA as an enforcement mechanism for state law as suggested by the Defendant. The overarching policy concerns behind the FDCPA are at issue in this case because

Defendant's collection practices as a whole are unfair and deceptive. As a final matter, Defendant's ownership of the underlying debts is a settled matter; Defendant is estopped from asserting that position.

## STANDARD OF REVIEW

As Defendant's motion notes, courts review a motion for judgment on the pleadings "by employing the same standard …when reviewing a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

**The FTC Debt Buyer Report**

Defendant is a debt buyer. Defendant purchases charged-off debts for pennies on the dollar. Debts sold by original creditors are typically bundled into portfolios because bundling accounts into portfolios reduces the transactions costs of exchange. *See* Federal Trade Commission, The Structure and Practices of the Debt Buying Industry, January 2013, available at http://www.ftc.gov/reports/structure-practices-debt-buying-industry (last visited March 5,

2014) ("FTC Debt Buyer Report"). When purchased, these bundled account portfolios are transferred via electronic data files that contain only a few data elements from the original account records. When printed out, the electronic evidence of the sale, or data file, consists of one line per debtor. The typical data file contains the original account number, the name of the consumer, the address of the consumer, the last balance purportedly owed, the date of the last payment, and the date that the account was charged-off. *Id*. at pp. 34-35.

Debt buyers generally do not obtain the original account records (the day-to-day transactions on the account that are generally made at or near the time of each transaction, in the normal course of business) related to the purchased debts. For most portfolios, buyers do not receive any documents at the time of purchase. Only a small percentage of portfolios include documents such as account statements or the terms and conditions of credit. *Id*. at p. iii. The data files obtained by debt buyers are not the original account records that were created in the regular course of business by the credit originator—they are created prior to the sale of a portfolio of charged off debts. They are created for sale to a third party, and are not created in the regular course of servicing the credit card account. Furthermore, debt sales are typically "as-is," with limited or no ability to obtain additional information from the original creditor. *See* FTC Debt Buyer Report at p. 25. When different debt buyers enter into purchase and sale agreements with the same seller, the structure, organization, and phrasing of these agreements are virtually identical. *Id.* at pp. 24-25. It is common practice in the industry to purchase debts without obtaining original account information due to the time and cost of obtaining such documentation.

**Defendant's Conduct Violates the Fair Debt Collection Practices Act**

Defendant argues that it cannot be held responsible for sloppy pleading in a state court action. This position trivializes and mischaracterizes Plaintiff's cause of action in this matter.

3

This is not a case solely about poorly pled complaints or flawed affidavits. Rather, this is a case about deceptive and unfair collection practices that involve the use of the state court system. None of the cases cited by the Plaintiff speak specifically to the allegations made in this matter. For example, in *Washington v. North Stat Capital Acquisition, LLC*, 2008 WL 4280139 (N.D.IL. 2008), the plaintiff based his complaint on the defendant's failure to follow specific state-level pleading requirements. *Washington*, 2008 WL 4280139 at *2. Specifically, the plaintiff in *Washington* never alleged that the statements made in the underlying state court complaint were false. *Id. Washington* is distinguishable from this case. In this case, Plaintiff has alleged that the claims made in the state debt collection action were false. Plaintiff has claimed that Defendant knew it lacked standing to sue and actively concealed that fact throughout the duration of the state debt collection action. Plaintiff further alleges that this conduct is inherently unfair as it is designed to bully and harass consumers into settling lawsuits that Defendant never intends to take to trial.

Defendant's reliance on *Beler v. Blatt, Hasenmiller, Liebsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) is similarly unfounded. While the *Beler* court did consider whether 15 U.S.C. §1692e applied to the form of pleadings in state court litigation, it did so on a vary narrow basis. Specifically, the *Beler* court held that, "Section 1692e does not require clarity in all writings." *Beler* 408 F.3d at 473. However, the *Beler* court declined to decide whether §1692e "covers the process of litigation." *Id.* The *Beler* court also noted that the plaintiff in that case "[did] not contend that the complaint was deceptive…" *Id.* This case is distinguishable from *Beler* because Plaintiff specifically contends that not only the complaint, but the entirety of Defendant's conduct in the trial court, was deceptive and unfair.

4

Moreover, Defendant mistakenly conflates the *Beler* court's discussion of §1692e with its discussion of §1692f. With respect to 15 U.S.C. §1692f and its broad prohibition of unfair conduct by debt collectors, the *Beler* court did state that §1692f of the FDCPA "creates its own rules (or authorizes the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Id*. at 474. Defendant's assertion that the *Beler* court's comment applies to §1692e is incorrect. Moreover, a cursory reading of *Washington* indicates that the *Washington* court addressed the *Beler* court's §1692f analysis within the context of the plaintiff's §1692f claims, not the plaintiff's §1692e claims. *Washington* 2008 WL 4280139 at *2. Regardless of this distinction, both *Beler* and *Washington* are distinguishable from this case. Plaintiff is not attempting to "piggyback [her] state claims into federal court;" she is attempting to hold Defendant accountable for its unfair and deceptive debt collection practices. *Id.*

Defendant also mischaracterizes the applicability of *Rosales v. Unifund CCR*, 2008 WL 5156681 (N.D.IL. 2008) to this case. In *Rosales*, the plaintiff merely alleged that the affidavits presented by a debt buyer in a state collection case were not based on the affiants' personal knowledge. *Rosales*, 2008 WL 5156681 at *2. The *Rosales* court found that the deficiencies alleged in the state court affidavits amounted to a violation of state court pleading requirements, not a violation of the FDCPA. *Id.* However, the facts in *Rosales* are not the same as those in this case. Plaintiff alleges that Defendant's conduct as a whole was deceptive and unfair, not merely that its affidavits violate state court pleading requirements.

Defendant routinely files state court collection actions with no more evidence of the debt in question than a single-line data file. Even though Defendant knew that it could not prove its case against Plaintiff, Defendant actively concealed this fact from Plaintiff in an attempt to

5

coerce her to settle the matter. This active concealment is inherently deceptive and unfair because the unsophisticated consumer is discouraged from defending the lawsuit or challenging the allegations contained in the complaint and affidavit. Defendant actively concealed the nature of its defective standing; an unsophisticated consumer would not know that these as-is purchase agreements exist. An unsophisticated consumer would not be aware that Defendant cannot support the statements made in its affidavits. The Plaintiff's complaint goes well beyond merely asserting that Defendant violated state pleading requirements. *Rosales* is inapplicable to this case.

**Plaintiff Has Not Conceded That Defendant Owns The Underlying Debts**

Plaintiff's complaint specifically challenges the Defendant's standing to bring the underlying debt collection action. The underlying debt collection action was dismissed with prejudice due, in part, to Defendant's lack of standing. Central to the concept of standing with regard to debt collection is ownership of the debt. If a debt buyer does not own the underlying debt, the it has suffered no injury for which relief can be granted.

Defendant lacked the standing to bring its claims because it could not demonstrate ownership of the debts, even when it attached documents to its response brief that are the same as, if not similar to, the ones attached to Defendant's motion to dismiss. It is ludicrous to assume that because Plaintiff alleges that some accounts were sold to Defendant that Plaintiff's specific account is therefore admitted to be owned by Defendant. If Defendant truly owned the debts at issue in the debt collection action, then it should have proceeded to trial at that time. Arguably, Defendant is estopped from asserting ownership now. A dispositive motion based on Defendant's lack of standing was ruled on, in Plaintiff's favor, by the court hearing the debt collection action.

**Defendant's Additional Documentation Fails To Establish Ownership**

As a preliminary matter, the issue of Defendant's ownership of the underlying debts was settled in the underlying debt collection action. As alleged in Plaintiff's complaint, and as demonstrated by the attached exhibits, Defendant's lawsuit was dismissed with prejudice because Plaintiff's motion to dismiss was granted. That motion directly attacked Defendant's standing. In response to that motion, Defendant produced documents similar to those attached to its answer in this matter. Defendant is barred by the doctrine of collateral estoppel from attempting to prove its ownership of the underlying debts in this case. The doctrine of collateral estoppel "bars issues *actually litigated and decided* in a previous lawsuit." *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1364 (7th Cir. 1988). Even if, by virtue of the briefing and arguing of Plaintiff's motion to dismiss, Defendant's ownership of the underlying debts was not actually litigated in the underlying debt collection action, then Defendant is barred by the doctrine of *res judicata* from now asserting ownership. Quite simply, the doctrine of *res judicata* also precludes litigants from asserting issues that could have been raised in a prior action. *Id.* In this case, the three requirements for asserting the doctrine are met: there was a final judgment on the merits in the earlier action, there is an identity of the issues present in the prior action, and there are the same parties in both actions. *Id.*

If Defendant could have proven its standing in the underlying debt collection action, then it should have done so. The fact that Defendant was found to lack standing should conclusively demonstrate Defendant's lack of ownership of the underlying debts as a matter of law. However, if not, then Defendant's choice to avoid litigating the issue and seek a voluntary dismissal should demonstrate that *res judicata* applies here—Defendant should have proven its case the first time

7

around. It cannot now come into this venue and assert that it had standing all along—if it wasn't for those meddling kids.

**Plaintiff's ICFA Claim Is Valid And Supported By Actual Damages**

Defendant provides no binding authority for the proposition that the Illinois Consumer Fraud and Deceptive Business Practices Act does not broadly prohibit unfair and deceptive conduct in the stream of commerce. *McLaughlin v. LVNV Funding, LLC*, 2013 WL 4782173 (N.D. IL. 2013) speaks specifically to whether a violation of the Illinois Collection Agency Act (which has no private cause of action) is also a violation of ICFA. *McLaughlin*, at *4. While the ICFA may list specific statutes, the violation of which trigger a violation of ICFA, Defendant provides absolutely no support for the proposition that unfair and deceptive acts are not violations of ICFA. As addressed above, Defendant's reliance on *Washington* as support for its position is unfounded. It is doubly unfounded in this context as *Washington* addresses the FDCPA, not ICFA and its applicability to the abuse of state court procedures to unfairly collect debts.

Additionally, Defendant provides no support for the assertion that Plaintiff's out-of-pocket attorney fee costs are not actual damages in this matter. Defendant's sole argument is that Plaintiff would have paid attorneys fees no matter what it did. This is untrue. Had Defendant not filed a baseless state court lawsuit that it had neither the ability nor the intention to litigate, then Plaintiff would have spent nothing and this case would not exist. Defendant's conduct was unfair and deceptive when it actively concealed its lack of standing and lack of ownership of the underlying debts. Plaintiff was misled enough to hire counsel—she believed the threat of litigation to be credible. Defendant's business model is to obtain default judgments and to dupe the unsophisticated consumer into settling cases. While its business model backfired in this

specific instance, that does not make Defendant's conduct any less unfair or deceptive. To argue that Plaintiff received an overall benefit from the underlying state court case is cynical at best. But for Defendant's conduct, Plaintiff would not have spent money to defend a bogus lawsuit. Her attorney's fees are actual damages with regard to Defendant's unlawful conduct.

## CONCLUSION

Defendant's motion attacks small pieces of Plaintiff's complaint as if they are the entirety of her cause of action. However, this piecemeal approach ignores the actual theory behind Plaintiff's lawsuit. Defendant actively concealed its lack of standing to sue on the underlying debts. When that standing was challenged, Defendant first elected to amend its complaint, and then, realizing that its case was fatally flawed, attempted to voluntarily dismiss its own case. After a hearing on a fully-briefed motion to dismiss, where Defendant presented the same (or similar) evidence that it now presents in an attempt to demonstrate ownership of the debts, Defendant's case was dismissed with prejudice and Plaintiff's motion to dismiss for a lack of standing was granted. Defendant cannot now attempt to re-litigate those issues. Try as it might, Defendant cannot avoid the effect of the doctrine of collateral estoppel, or, in the alternative, *res judicata*. This issue was adjudicated in the Plaintiff's favor in the state court matter. As such, Plaintiff's motion must be denied.

WHEREFORE, Plaintiff, PAULA ST. JOHN, respectfully requests that this Honorable Court enter an order denying Defendant's motion with prejudice, in the alternative, granting Plaintiff leave to file an amended complaint, and awarding any other relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

By: ___s:/Matthew Hector____

    Matthew H. Hector ARDC# 6283058
    Dan McGarry ARDC# 6309647
    Counsel for Plaintiff
    Sulaiman Law Group, Ltd.
    900 Jorie Blvd., Suite 150
    Oak Brook, Illinois 60523
    Phone (630) 575-8181
    Fax (630) 575-8188