IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA ST. JOHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14 C 0733 |
| v. | ) |
| | ) Judge Amy St. Eve |
| | ) |
| CACH, LLC, a Colorado Limited | ) |
| Liability Company, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court grants Defendant's motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) as to Count I of the Complaint and declines to exercise supplemental jurisdiction over Plaintiff's state law claim in Count II of the Complaint [14]. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

On January 31, 2014, Plaintiff filed a two-count Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in Count I and the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.* ("ICFA") in Count II pursuant to the Court's original and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendant CACH, LLC's ("Defendant" or "CACH") motion for judgment on the pleadings pursuant to Rule 12(c) or, in the alternative, motion for summary judgment under Rule 56(a). For the following reasons, the Court grants Defendant's Rule 12(c) motion as to Plaintiff's FDCPA claim as alleged in Count I and dismisses Plaintiff's FDCPA claim with prejudice. The Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's ICFA claim as alleged in Count II and dismisses this claim without prejudice.

## LEGAL STANDARD

Rule 12(c) motions for judgment on the pleadings differ from Rule 12(b)(6) motions to dismiss because they are brought after the pleadings are closed. *See* Fed.R.Civ.P. 12(c); *Buchanan–Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Despite the difference in timing, the Court reviews Rule 12(c) motions under the same standards that apply to motions to dismiss under Rule 12(b)(6). *See Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir. 2012); *Buchanan–Moore,* 570 F.3d at 827. When considering a Rule 12(c) motion, the court looks to "the complaint, the answer, and any written instruments attached as exhibits." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.

1998); Fed.R.Civ.P. 10(c). Under Rule 12(c), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Fail–Safe, LLC v. A.O. Smith Corp.,* 674 F.3d 889, 892 (7th Cir. 2012). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## BACKGROUND

Plaintiff brings her FDCPA and ICFA claims in the context of a state court debt collection action that CACH brought in the Sixteenth Judicial Circuit in Kendall County, Illinois, on September 17, 2012. (R. 1, Compl. ¶ 9.) Both counts of CACH's Kendall County complaint alleged a breach of an unwritten contract claim based on Plaintiff's failure to make payments on two different credit card accounts — one issued by Wells Fargo Bank, N.A., and one issued by MBNA America, N.A. (*Id.* ¶ 10.) In its Kendall County complaint, CACH alleged that it was the owner of the credit card accounts. (*Id.* ¶ 11.)

In the present Complaint, Plaintiff alleges that although CACH attached affidavits and purchase order agreements to its Kendall County complaint, the attachments were inadmissible under the Illinois Rules of Evidence and insufficient to prove CACH's ownership of these accounts. (*Id.* ¶¶ 14-23, ¶¶ 26-38.) In particular, Plaintiff takes issue with CACH's failure to establish the entire chain of title to the debt by describing how and when each transfer in the chain took place as required by 735 ILCS 5/2-403(a). (*Id.* ¶¶ 15-20.)

In the Kendall County action, Plaintiff's counsel filed a motion to dismiss for lack of standing and failure to state a claim, after which CACH requested leave to amend the complaint. (*Id.* ¶¶ 40-42.) Instead of amending the complaint, however, CACH moved to voluntary dismiss the Kendall County complaint. (*Id.* ¶ 44.) Plaintiff filed a motion to strike CACH's motion to voluntarily dismiss the complaint requesting that the Circuit Court decide her pending motion to dismiss instead. (*Id.* ¶ 47.) The Circuit Court granted Plaintiff's motion to dismiss and dismissed the case with prejudice. (*Id.* ¶ 56.)

In Count I of the present Complaint, Plaintiff bases her FDCPA claim on CACH's false and misleading assertions that it owned the Wells Fargo and MBNA accounts. (*Id.* ¶ 71.) Also, Plaintiff alleges that CACH's conduct was inherently false and misleading because it represented that it could prove its case, but CACH had no intention of actually doing so. (*Id.* ¶ 72.) Plaintiff also maintains that CACH intended to avoid her dispositive motion by non-suiting its own case and that this conduct is inherently unfair because CACH exploited procedural rules to benefit itself. (*Id.* ¶ 76.) In sum, Plaintiff argues that CACH's conduct is a violation of the FDCPA because CACH "actively concealed its ability to prove its case." (*Id.* ¶ 78.)

In Count II, Plaintiff alleges that CACH's active concealment of evidentiary issues and lack of standing was a material misrepresentation under the ICFA. (*Id.* ¶ 85.) In addition, Plaintiff maintains that CACH's abusive trial strategy, namely, representing that it would amend

2

its Kendall County complaint and then moving to voluntarily dismiss the complaint, was inherently unfair. (*Id*. ¶ 88.)

**ANALYSIS**

**I. FDCPA Claim — Count I**

The FDCPA generally prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692(e), or "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, in Count I of her Complaint, Plaintiff alleges that CACH violated 15 U.S.C. § 1692(e)(2) and 1692(e)(10), which state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff also bases her FDCPA claim on 15 U.S.C. § 1692f, which states in relevant part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *See Todd v. Collecto, Inc.,* 731 F.3d 734, 738 (7th Cir. 2013) ("anyone aggrieved by a debt collector's unfair or unconscionable collection practices can fall within the provision's zone of interest").

In the present motion for judgment on the pleadings, CACH argues that Plaintiff cannot state a FDCPA claim based on CACH's pleading deficiencies in the state court action. The Court agrees. It is well-established in this district that FDCPA claims cannot be based on violations of the Illinois state pleading requirements. *See, e.g., Matmanivong v. Unifund CCR Partners,* No. 08 C 6415, 2009 WL 1181529, at *3 (N.D. Ill. Apr. 8, 2009); *Rosales v. Unifund CCR Partners,* No. 08 C 3533, 2008 WL 5156681, at *2 (N.D. Ill. Dec. 5, 2008); *Washington v. North Star Capital Acquisition, LLC,* No. 08 C 2823, 2008 WL 4280139, at *2 (N.D. Ill. Sept. 15, 2008); *King v. Resurgence Fin., LLC,* No. 08 C 3306 (N.D. Ill. Nov. 3, 2008) (slip. op.)

In response, Plaintiff argues that her case is based on more than the pleading defects in the state court action. In particular, she maintains that her lawsuit is based on the fact that although CACH alleged that it owned the underlying debt in the state court proceedings, it did

not actually own the debt. A valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of a debt whether the statement was made in a state court complaint or during state court litigation. *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000); *see also Grant-Hall v. Cavalry Portfolio Serv., LLC,* 856 F.Supp.2d 929, 944 (N.D. Ill. 2012) ("The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt."). In *Gearing*, for example, the Seventh Circuit concluded that the debt collector had violated § 1692e because the debt collector's allegations in the state court complaint made "a false impression as to the legal status it enjoyed." *Id.* at 472.

Here, Plaintiff asserts that in the Kendall County complaint, CACH alleged that it owned the debt at issue, which was a false representation. Further, Plaintiff alleges that CACH made similar false representations throughout the state court proceedings. Under the circumstances, Plaintiff has sufficiently alleged a violation of § 1692e regarding CACH's false representation of "the character, amount, or legal status of the debt." 15 U.S.C. § 1692e(2)(A). Indeed, other courts in this district that have relied on *Gearing* in concluding that false representations in the context of debt collection that are made in state court proceedings sufficiently allege a claim under the FDCPA. *See Matmanivong v. Unifund CCR Partners,* No. 08 C 6415, 2009 WL 1181529, *5 (N.D. Ill. Apr. 28, 2009); *Guevara v. Midland Funding NCC-2 Corp.*, No. 07 C 5858, 2008 WL 4865550, at *5 (N.D. Ill. June 20, 2008); *Chavez v. Bownman, Heintz, Boscia & Vician*, No. 07 C 0670, at *3 (N.D. Ill. Aug. 22, 2007).

Nevertheless, CACH maintains that it did own the debt at issue in the underlying Kendall County complaint and attaches documents and a notarized affidavit to its Answer in support of this argument. The Court may consider these documents attached to the Answer under Rule 10(c) without converting CACH's motion into a motion for summary judgment. *See Northern Ind. Gun,* 163 F.3d at 452; *see also Langone v. Miller,* 631 F.Supp.2d 1067, 1070 (N.D. Ill. 2009) ("'Written instrument' is construed broadly to include such things as affidavits, letters, contracts, and loan documents."). Indeed, the affidavit and attachments, including the short form purchase agreements, reveal that CACH purchased Plaintiff's Wells Fargo account on August 15, 2011, and that on August 29, 2011, CACH purchased Plaintiff's MBNA America Account. Accordingly, CACH owned these two accounts on the date it brought the Kendall County debt collection lawsuit on September 17, 2012. Moreover, Plaintiff does not challenge the documents attached to CACH's Answer.

Instead of addressing these documents and affidavit, Plaintiff contends that CACH's argument that it owns the debt is barred by the doctrines of res judicata and collateral estoppel. Because the earlier adjudication was in Illinois state court, the Court applies Illinois res judicata and collateral estoppel principles. *See Adams v. Adams,* 738 F.3d 861, 865 (7th Cir. 2013); *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.,* 664 F.3d 1075, 1079

(7th Cir. 2011).[1]  To establish collateral estoppel under Illinois law, Plaintiff must show that "(1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there [is] a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Gambino v. Koonce,* ___ F.3d ___, 2014 WL 2959130, at *3 (7th Cir. July 2, 2014) (quoting *American Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000)).

Viewing Plaintiff's well-pleaded facts and all reasonable inferences in her favor, she has failed to establish the first element of collateral estoppel under Illinois law because the Kendall County judge granted her motion to dismiss due to CACH's lack of standing, whereas, the present lawsuit concerns whether CACH owns the debt at issue.  In particular, Plaintiff filed a motion to dismiss based on standing because CACH failed to attach sufficient documents under Illinois law relating to the assignment of the accounts.  The issue decided by the Kendall County judge was not whether CACH actually owned the accounts.  Instead, the state court concluded that CACH did not have standing because CACH failed to show the chain of title to the debt under 735 ILCS 5/2-403(a).  Because the state court did not decide the exact, identical issue of whether CACH actually owned the debt, Plaintiff's collateral estoppel argument fails. *See Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 431 (7th Cir. 2009) ("[T]he issue decided in the prior adjudication must be identical to the one presented in the suit in question for collateral estoppel to apply.").

Next, Plaintiff argues that the doctrine of res judicata bars CACH from asserting actual ownership.  Under Illinois law, "[r]es judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns,* 677 F.3d 766, 776 (7th Cir. 2012) (citing *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 889 (1998)).  "Illinois employs a transactional test to determine whether two claims are the same for res judicata purposes." *Harmon v. Gordon*, 712 F.3d 1044, 1055 (7th Cir. 2013).  Under the transactional test, courts examine whether the claims arise from a single group of operative facts regardless if they are different theories of relief. *See Dookeran v. County of Cook, Ill*., 719 F.3d 570, 575 (7th Cir. 2013).

The crux of Plaintiff's FDCPA claim is that CACH made false representations throughout the state court proceedings, concealed its lack of standing, and routinely attempted to demonstrate standing without proper documentation. (Compl. ¶¶ 51, 52, 63, 64 65, 78.)  On the other hand, the underlying state court action focused on Plaintiff's credit card debt.  Because Plaintiff's credit card debt pre-dates CACH's filing of the state court debt collection action and CACH's conduct during the state court action, there is not an identity of causes of actions under

---

[1] The Court notes that the parties did not rely on Illinois law in making their res judicata and collateral estoppel arguments, but instead relied upon the federal law. *See Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.").

5

Illinois law because the claims arise from different sets of operative facts. *See Whitaker v. Ameritech Corp.,* 129 F.3d 952, 958 (7th Cir. 1997); *see, e.g., Buford v. Palisades Collection, LLC,* 552 F.Supp.2d 800, 808 (N.D. Ill. 2008). Therefore, Plaintiff's res judicata argument fails.

## II.    ICFA — Count II

Plaintiff's remaining claim, her ICFA as alleged in Count II, is based on Illinois law. Because the Court is dismissing, with prejudice, Plaintiff's claim over which the Court has original jurisdiction, namely, her FDCPA claim as alleged in Count I, the Court, in its discretion, declines to exercise supplemental jurisdiction over this remaining state law claim. *See* 28 U.S.C. § 1367(c).

As the Seventh Circuit teaches, "[t]he supplemental-jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction'" over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits."). Although the decision to relinquish supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.,* 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010)).

Under this well-established precedent, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claim and dismisses Count II without prejudice.

**Dated:** July 8, 2014

**AMY J. ST. EVE**
**United States District Court Judge**